UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A MCCALLA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES NORD,<br><br>    Defendant. | Case No. 22-cv-00675-KAW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 39 |

On February 1, 2022, Plaintiff Richard A. McCalla, as successor trustee of the McCalla Family Living Trust, filed the instant case against Defendant James Nord, alleging breach of fiduciary duty and professional negligence and seeking an accounting for Defendant's time as trustee. Pending before the Court is Defendant's motion for summary judgment.

Having considered the parties' filings, the relevant legal authority, and the arguments made at the July 20, 2023 hearing, the Court DENIES Defendant's motion for summary judgment.

## I. BACKGROUND

Thomas R. McCalla[1] and Shirly H. McCalla were the settlors and initial co-trustees of the McCalla Family Living Trust ("Trust"), a revokable trust formed in 1994. (Decl. of Anthony D. Phillips, "Phillips Decl.," Dkt. No. 39-1, Ex. A.) The beneficiaries of the Trust were the McCallas' four children: Bonnie, Richard, Erin, and Stacy. *Id.* The Trust included an exculpation provision, which provided:

> To the fullest extent permitted by law, the Trustee shall not be liable for breach of trust resulting from any act or omission of the Trustee. No successor Trustee hereunder shall have any duty or responsibility

---

[1] For clarity, members of the McCalla family are referred to by their first names. No disrespect is intended.

> to audit or review the actions or accounting of its predecessor Trustees, each successor Trustee hereunder being expressly relieved from any and all liability or responsibility for the actions or failure of any such predecessor.

*Id.* The Trust also provides that "[i]t is Settlors' intent to transfer to this Trust all of their right, title, and interest in and to all property of every kind and nature, real and personal, tangible and intangible, whether now owned or hereafter acquired by them or either of them." *Id.*

Following Shirley's death on July 31, 2016, Thomas became the sole trustee. (Phillips Decl., Ex. B.) All assets remained in the Trust, which became known as the McCalla Family Survivor's Trust. *Id.* One of the Trust's assets, a property in Napa ("Napa Property"), included Thomas's residence and a second rental unit.

On June 10, 2019, based on growing concern about her father's ability to care for himself and concern that he was giving large sums of money to Betty Osborn, Bonnie filed a petition in the Napa County Superior Court requesting that she and Richard be appointed as conservators of Thomas's person and estate. (Phillips Decl., Ex. C; Ex. G.) On September 18, 2019, the Superior Court appointed the Napa County Public Guardian as conservator of Thomas's person and continued the issue of conservatorship of the estate to a future date. (Phillips Decl., Ex. E.)

To resolve the conservatorship proceedings, Thomas and Bonnie entered a settlement agreement, approved by Defendant, under which Thomas agreed to resign as trustee of the Trust and appoint Defendant as trustee, and Bonnie agreed to withdraw the petition for a conservator of the estate in exchange for a release of Thomas's interest in Bonnie's residence in Oregon ("Oregon Property"). (Phillips Decl., Ex. G.) The settlement agreement provided that Thomas would not remove Defendant as trustee "unless he appoints another professional trustee as the successor." *Id.* Thomas resigned as trustee of the Trust and nominated Defendant to serve as successor trustee on August 30, 2019. (Phillips Decl., Ex. B.) Defendant accepted the office of successor trustee of the Trust on September 12, 2019. *Id.* On January 21, 2020, Erin's counsel informed the Superior Court that she was withdrawing the petition for conservatorship of the estate. (Phillips Decl., Ex. F.)

During Defendant's time as trustee, Thomas continued to have access to the Trust accounts. (Pl.'s Ex. 3 ("Nord Depo.") at 72.) Thomas never instructed Defendant as to how to

handle the Napa Property. (Phillips Decl., Ex. O ("Thomas Depo.") at 15.) Thomas never understood that anyone other than himself was responsible for the Trust assets or managing his financial accounts. (Thomas Depo. at 15-16.)

Richard came to visit Thomas at the Napa Property in December 2020 and was concerned about the condition of the Napa Property. Richard asked Defendant to cooperate in refinancing the Napa Property to obtain funds to replace the roof and Defendant declined to refinance the Napa Property or reroof the house. (Phillips Decl., Ex. I ("Richard Depo.") at 41-42.) Richard also alerted Defendant that the Trust's tax returns for 2018 and 2019 had not been filed as of January 2021. Defendant then contacted Thomas's accountant to attempt to get the returns filed. (Pl.'s Exs. 24, 25, 26.)

Thomas relocated to Oklahoma in March 2021 and subsequently communicated a desire to replace Defendant as trustee. On July 2, 2021, Thomas amended the Trust to remove Defendant as trustee and appoint Richard as co-trustee. (Phillips Decl., Ex. N.) Because the terms of the previous settlement agreement only allowed Defendant to be replaced with a professional trustee, Thomas, Bonnie, and Defendant revised their agreement, effective October 1, 2021, to allow Richard to replace Defendant as trustee. (Phillips Decl., Ex. H.) Defendant did not provide an accounting after his resignation. (Nord Depo. at 252.)

On February 1, 2022, Plaintiff filed this action against Defendant, asserting claims for breach of fiduciary duty, professional negligence, and accounting. (Compl., Dkt. No. 1 at 8-12.) On May 8, 2023, Defendant moved for summary judgment. (Def.'s Mot., Dkt. No. 39.) On May 22, 2023, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 40.) On May 30, 2023, Defendant filed a reply. (Def.'s Reply, Dkt. No. 43.)

## II. LEGAL STANDARD

A party may move for summary judgment on a "claim or defense" or "part of... a claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when, after adequate discovery, there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. *Id.*; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Material facts are those that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Southern Calif. Gas. Co. v. City of Santa Ana,* 336 F.3d 885, 888 (9th Cir. 2003).

On an issue where the nonmoving party will bear the burden of proof at trial, it may discharge its burden of production by either (1) by "produc[ing] evidence negating an essential element of the nonmoving party's case" or (2) after suitable discovery "show[ing] that the nonmoving party does not have enough evidence of an essential element of its claim or defense to discharge its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000); *see also Celotex*, 477 U.S. 324-25.

Once the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial to defeat the motion. *See* Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 250. "A party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment. *Anderson,* 477 U.S. at 254. "Instead, the non-moving party must go beyond the pleadings and by its own evidence set forth specific facts showing that there is a genuine issue for trial." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (citations and quotations omitted). The non-moving party must produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NMS Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise a genuine issue of material fact to defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

In deciding a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Anderson,*

477 U.S. at 255; *Hunt v. City of Los Angeles,* 638 F.3d 703, 709 (9th Cir. 2011).

## III.   ANALYSIS

Defendant argues summary judgment is warranted because Plaintiff's claims are barred by the Trust's exculpation provision; Plaintiff cannot establish that Defendant breached a duty to the Trust; and Defendant acted in good faith.

### A.   Exculpation Provision

Defendant argues the Trust's exculpation provision is broad enough to bar Plaintiff's breach of fiduciary duty and professional negligence claims and there is no evidence showing any alleged breach was intentional or the result of gross negligence, bad faith, or reckless indifference, or that Defendant received any profit from his position. (Def.'s Mot. at 11.)  Plaintiff responds that a settlor cannot relieve a trustee of all accountabilities and a professional trustee cannot use an exculpatory provision as a shield for neglecting his fiduciary duty or abdicating his judgment. (Pl.'s Opp'n at 23.)  Additionally, Plaintiff argues that whether Defendant acted with gross negligence or reckless indifference is a fact question that must be left to the jury.  (Pl.'s Opp'n at 23.)  Defendant responds that Plaintiff "recites five perceived breaches duplicative of plaintiff's theories on ordinary negligence and conjectures that perhaps a jury would go further and find they arose to the level of gross negligence" and this is insufficient to survive summary judgment. (Def.'s Reply at 3.)

California Probate Code § 16461 provides that a trustee can be relieved of liability for breach of trust by provisions in the trust instrument, except that such a provision "is not effective to relieve the trustee of liability (1) for breach of trust committed intentionally, with gross negligence, in bad faith, or with reckless indifference to the interest of the beneficiary, or (2) for any profit that the trustee derives from a breach of trust." Cal. Prob. Code § 16461 (a)-(b).  The parties do not dispute that the Trust contains a valid exculpation clause.  Accordingly, Defendant cannot be held liable unless he committed a breach with gross negligence or with reckless indifference.[2]  Thus, if there is a question of fact as to whether Defendant committed a breach of

---

[2] Plaintiff makes no argument that Defendant acted intentionally or in bad faith or that he received any profit from a breach.

his duties with the requisite gross negligence, summary judgment is not warranted. Accordingly, the Court proceeds to address the parties' additional arguments.

### B. Duty and Breach

"The elements of a cause of action for professional negligence are: (1) the duty of the professional to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) breach of that duty; (3) a causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional negligence." *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1128 (2014). "The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, breach of the fiduciary duty, and damages." *Id.*

The California Probate Code sets forth specific duties owed by a trustee and the applicable standard of care. Probate Code § 16000 provides that "[o]n acceptance of the trust, the trustee has a duty to administer the trust according to the trust instrument and, except to the extent the trust instrument provides otherwise, according to this division." Cal. Prob. Code § 16000. The Probate Code imposes a duty "to take reasonable steps under the circumstances to take and keep control of and to preserve the trust property" and to "make the trust property productive under the circumstances and in furtherance of the purposes of the trust." Cal. Prob. Code § 16006, 160007. "The trustee shall administer the trust with reasonable care, skill, and caution under the circumstances then prevailing that a prudent person acting in a like capacity would use in the conduct of an enterprise of like character and with like aims to accomplish the purposes of the trust as determined from the trust instrument." Cal. Prob. Code § 16040(a).

Defendant initially only attacked the breach element, arguing that because the Trust was revocable, Defendant "cannot be held liable for breach for any act or omission in accord with the settlor's wishes" and there is no "evidence of some action or inaction by [Defendant] contrary to the wishes of Thomas." (Def.'s Mot. at 12.) In response to the Court's question at the hearing as to why the lack of a specific directive from Thomas relieved Defendant of his statutory duties, Defendant argued that because the Trust was revocable, his duties had not yet arisen, and Thomas had complete discretion over the Trust's assets. Plaintiff countered that the Probate code does not

indicate that the duties apply only to an irrevocable trust but rather the duties applied upon Defendant's acceptance of the trustee position.

The Court agrees with Plaintiff. Nothing in the Probate Code implies that the statutory duties it sets forth are limited to an irrevocable trust. Rather, as Plaintiff argued, the language of the Probate Code explicitly states that the duty arises "[o]n acceptance of the trust" without any further qualification. Cal. Prob. Code § 16000. While the Probate Code imposes additional duties on the trustee of a revocable trust, there is simply no support for the proposition that the other statutory duties do not apply to a revocable trust. *See* Cal. Prob. Code § 16001 (imposing duty to comply with written directions on trustee of revocable trust).

The Supreme Court of California decision Defendant cites also fails to support the proposition that a trustee does not owe the statutory duties while the trust is revocable. In *Estate of Giraldin*, 55 Cal. 4th 1058, 1062 (2012), the court addressed whether, following the settlor's death, "the beneficiaries have standing to sue the trustee for breach of the fiduciary duty committed while the settlor was alive and the trust was still revocable." Specifically, the beneficiaries sought to hold the trustee liable for investments made during the settlor's lifetime. *Giraldin*, 55 Cal 4th at 1064. The court concluded that "[b]ecause a trustee's breach of the fiduciary duty owed to the settlor can substantially harm the beneficiaries by reducing the trust's value against the settlor's wishes, … the beneficiaries do have standing to sue for a breach of that duty after the settlor has died." *Giraldin*, *Id.* at 1062. *Giraldin* explicitly states that "[w]hen the trustee of a revocable trust is someone other than the settlor, that trustee owes a fiduciary duty to the settlor … as long as the settlor is alive" and nothing in the case suggests that the fiduciary duty mentioned only contemplates following the explicit instructions of the settlor. *Id.* If anything, the Court of Appeal's subsequent decision following remand negates Defendant's argument. The Court of Appeal concluded that the trustee's arguments that he could not be held liable because the settlor told him he would not be trustee until the settlor's death and that the settlor made the decision regarding the investment before the trust was formed were "heavily factual" such that remand to the trial court was appropriate. *Estate of Giraldin*, No. G041811, 2013 WL 1633283, at *7 (Cal. Ct. App. Apr. 16, 2013).

Thus, in the absence of law to the contrary, the Court concludes Defendant, at a minimum, owed Thomas the statutory duties and the lack of an ignored specific directive is simply a fact to be considered in determining whether Defendant's actions were reasonable given the circumstances.

Plaintiff argues that Defendant breached his duties by relinquishing the Oregon property to Bonnie and failing to: take control of, preserve, or create a budget for the Trust and Trust property; file 2018 and 2019 tax returns timely; maintain the Trust's residential property; ensure the Trust's bills were paid; marshal rental income due to the Trust or lease the rental property after the tenant moved out; ensure code violations concerning a cottage were corrected; timely resign as trustee at Thomas's request; and provide an accounting upon the change of trustee. (Pl.'s Opp'n at 10-22.) Defendant replies that "none of plaintiff's gross negligence theories in the Opposition were advanced at any time before the Opposition was filed" such that they are not a valid basis for denying summary judgment. (Def.'s Reply at 5.)

Although the complaint does not specifically mention the Oregon Property or the cottage's code violations, it does reference the failure to file taxes, take control of the Trust's bank account, and maintain the Trust's residential and rental properties in a productive manner. (Compl. at ¶ 35.) Because the cottage sits on the Napa Property and because the Oregon Property was titled to Bonnie, Thomas, and Shirly after the Trust was created such that Thomas and Shirly's interest could be considered a Trust asset, *see* Pl.'s Ex. 17, facts surrounding the Oregon Property and the cottage may be considered in determining whether Defendant failed to "maintain, control, preserve and protect Trust assets." (Compl. at ¶ 34.)

While the Defendant argues summary judgment is proper because the complaint did not allege gross negligence, the Court disagrees because Plaintiff did not bring a claim asserting gross negligence but rather argues that gross negligence exists to defeat the exculpation provision. "[W]hen the plaintiff fails to allege in his or her pleading facts sufficient to support a theory of gross negligence, the defendant satisfies its burden by asserting a release as a complete defense, and the burden shifts to the plaintiff to produce evidence that there is a triable issue of fact supporting gross negligence to defeat summary judgment." *Joshi v. Fitness Int'l, LLC*, 80 Cal.

App. 5th 814, 828 (2022). "[G]ross negligence long has been defined as either a want of even scant care or an extreme departure from the ordinary standard of care" and is "a matter generally for the trier of fact." *Id.* at 827-28.

Here, Plaintiff points to evidence that Defendant knew of Thomas's questionable past financial decisions and that he knew the conservatorship proceedings regarding the estate were dismissed based on the agreement that he would serve as trustee. Defendant testified in his deposition that he would typically take steps to open new accounts or get on the title to trust accounts after being appointed trustee and would pay bills for his clients. (Nord Depo. at 21, 27.) He further testified that with him as trustee, Thomas "wouldn't have access to that account" to send money to a former acquaintance. (Nord Depo. at 71-72.) However, Defendant also testified that Thomas continued to have access to the account after Defendant's appointment; he did not know who received the rental income while he was trustee; he did not know whether Thomas's bills were paid while Defendant was trustee; and he generally would not wait a year and a half after his appointment before putting himself on a trust's bank account. (Nord Depo. at 54, 71-72, 97, 110). Based on this evidence, the Court concludes there is a question of fact as to whether Defendant acted with reasonable care, skill, and caution under the circumstances and whether any breach was an extreme departure from the ordinary standard of care.[3] Accordingly, summary judgment is not proper.

### C. Good Faith

Defendant argues "the record is devoid of evidence of bad faith," such that the Court should "enter summary judgment in [his] favor; hold that his actions as trustee were taken in good faith; and, set further briefing to allow [him] to recover his expenses in defending this action."

---

[3] Additionally, Plaintiff's expert, Varee Wycoff, indicated that after appointment, a professional fiduciary would typically complete an inventory of trust assets to obtain a beginning value, determine the needs of the beneficiary and the availability of assets to pay for those needs, ensure that income tax returns are properly filed, and provide an accounting following his resignation. (Declaration of Varee Wycoff, Dkt. Np. 40-1.) Defendant argues the Court should strike Wycoff's declaration because she "simply states a series of legal conclusions without any elaboration on what specific evidence she has considered and how she formed her conclusions from them." (Def.'s Reply at 13.) However, because even without considering Wycoff's declaration, the Court finds summary judgment improper, it declines to strike her declaration.

9

(Def.'s Mot. at 13-14.)  Given the Court's ruling that there is a fact question as to whether Defendant's actions amount to a breach committed with gross negligence, there is also a fact question as to whether he acted with good faith.  *See* Cal. Prob. Code § 16440(b) ("If the trustee has acted reasonably and in good faith under the circumstances as known to the trustee, the court, in its discretion, may excuse the trustee in whole or in part from liability [for breach of trust] if it would be equitable to do so.").  Thus, summary judgment is not warranted.

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated: August 4, 2023

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge