UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD A MCCALLA,

    Plaintiff,

v.

JAMES NORD,

    Defendant.

Case No. 4:22-cv-00675-KAW

**PRETRIAL CONFERENCE TENTATIVE RULINGS**

## I. MOTIONS IN LIMINE

| MIL | Motion | Ruling | Reason/Explanation |
|---|---|---|---|
| P$_1$ | To exclude Defendant's liability expert from testifying | **GRANTED IN PART** | Defendant opposes. Mr. Tate is a qualified expert in regards to trust administration. He is not qualified to testify regarding construction issues. |
| D$_1$ | To exclude property appraisal evidence | **DENIED** | Plaintiff opposes. Appraisals are admissible under the business records exception in Federal Rule of Evidence 803(6). The appraisers do not have to be designated as experts, as they are percipient witnesses. |
| D$_2$ | To preclude Plaintiff from argument and testimony that Oregon Property was part of the McCalla Family Trust | **DENIED** | Plaintiff opposes. Thomas and Shirly's interest in the Oregon Property may be Trust assets rendering the Oregon Property relevant. |

| | | | |
|---|---|---|---|
| **D3** | **To exclude opinions and testimony from Plaintiff's Expert Varee Wycoff** | **DENIED** | Plaintiff opposes. Ms. Wycoff is a qualified expert in trust administration. She testified as to her experience and the documents reviewed in formulating her opinion. Defendant's concerns go to credibility rather than admissibility, and are appropriately addressed on cross-examination. |
| **D4** | **To exclude evidence not previously disclosed or timely produced** | **GRANTED IN PART** | Plaintiff opposes. The only evidence excluded from Plaintiff's case-in-chief are the new Napa Property photographs. Even so, those photographs may be introduced for impeachment purposes. The motion is denied as to all other evidence, but Defendant may reopen Plaintiff's deposition regarding the 2021 closing disclosure paperwork. |

## II.     BIFURCATION

While the parties did not file a formal motion to bifurcate, the Court is not inclined to bifurcate the punitive damages phase, if any, from the liability phase. (Joint Pretrial Conference Statement, "JPCS," Dkt. No. 63 at 8.)

## III.    REMOTE TESTIMONY

Plaintiff has not provided sufficient reason to permit third-party witnesses to testify remotely. (*See* JPCS at 14-15.)  The Court will not permit the in-state witnesses to testify remotely.  If a suitable courtroom is available, the Court may permit the two out-of-state witnesses (Frank Cuffe and John Nelson) to testify remotely so long as their direct examination is less than one hour each.

## IV.    EVIDENTIARY ISSUES

A.     **Defendant's objections to Plaintiff's exhibits**

The Court intends to rule as follows:

| **EXHIBIT** | **GROUNDS FOR OBJECTION** | **RULING** |
|---|---|---|
| Plaintiff's Trial **Exhibit 4** – Report of Suspected Dependent Adult/Elder Abuse | Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Report pertains to events before relevant time period of this case.<br><br>Defendant objects on the grounds the document lacks | **OVERRULED** |

United States District Court
Northern District of California

| | | |
|---|---|---|
| dated December 18, 2018. | foundation, and no individual with personal knowledge has authenticated the document.  F.R.E. 901, 902.<br><br>Defendant further objects on the grounds that content of the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804. | |
| Plaintiff's Trial **Exhibit 5** – Email string between Maria Jimenez-Garcia and Beatriz Ortiz dated February 14, 2019. | Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Document pertains to events before relevant time period of this case.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds that content of the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804. | **OVERRULED** |
| Plaintiff's Trial **Exhibit 6** – Report of Suspected Dependent Adult/Elder Abuse dated April 11, 2019. | Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Report pertains to events before relevant time period of this case.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds that content of the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804. | **OVERRULED** |
| Plaintiff Trial **Exhibit 7** – Email string dated May 23, 2019 – May 24, 2019 between Peggy Chiprez and Yvette Rodriguez. | Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Document pertains to events before relevant time period of this case.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds that content of the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804. | **OVERRULED** |
| Plaintiff's Trial **Exhibit 10** – Capacity Declaration | Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Examination occurred September 12, 2018, and was limited to medical, *not financial*, consent.<br><br>Defendant objects on the grounds the document lacks | **OVERRULED** |

3

| | | |
|---|---|---|
| re Thomas McCalla filed June 17, 2019. | foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Opinions expressed are those of an expert, and Plaintiff has not designated an expert to opine on Thomas McCalla's medical issues. Testimony on, or authentication of, this document would result in improper expert testimony by a lay witness. *See Love v. U.S.,* 141 F.2d 981, 983 (8th Cir. 1944), *Spitzer v. Stichman,* 278 F.2d 402, 409 (2nd Cir. 1960).<br><br>Defendant further objects on the grounds that content of the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804. | |
| Plaintiff's Trial **Exhibit 20** – email from Beatriz Ortiz to Emmanuel Odoi and Maria Jimenez-Garcia dated July 31, 2019. | Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Report pertains to events before relevant time period of this case.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds that content of the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804. | **OVERRULED** |
| Plaintiff's Trial **Exhibit 37** – Deed dated September 25, 2012. | Subject to Nord's Motion in Limine No. 2.<br><br>Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Report pertains to events before relevant time period of this case.<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902. | **OVERRULED** |
| Plaintiff's Trial **Exhibit 39** – Deed dated December 19, 2019. | Subject to Nord's Motion in Limine No. 2.<br><br>Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403.<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks | **OVERRULED** |

| | | | |
|---|---|---|---|
| | | foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902. | |
| | Plaintiff's Trial **Exhibit 40** – Sales data for Oregon Property | Subject to Nord's Motion in Limine No. 2.<br><br>Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403.<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds the document was produced on September 26, 2023, months after the discovery cutoff, and Plaintiff should not be permitted to introduce documents that were untimely produced. F.R.C.P. 26(e), 37(c)(1). | **OVERRULED** |
| | Plaintiff's Trial **Exhibit 49** – IRS Notice to Thomas R. McCalla dated June 1, 2020. | Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902. | **OVERRULED** |
| | Plaintiff's Trial **Exhibit 113** – PG&E Bills March 2020-April 2023. | ~~Subject to Nord's Motion in Limine No. 4.~~<br><br>Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403.<br><br>Defendant objects that the records are incomplete, with only selected months provided. F.R.E. 106.<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds the document was produced on August 8, 2023, months after the discovery cutoff, and Plaintiff should not be permitted to introduce documents that were untimely produced. F.R.C.P. 26(e), 37(c)(1). | **OVERRULED** |

| | | |
|---|---|---|
| Plaintiff's Trial **Exhibit 117** – 2021-2023 delinquent tax notices and tax payments | Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Documents both pre and postdate Nord's trusteeship, the attempt to claim tax liability from 2018 outweighs the probative value of proving penalties for late filing<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902. | **OVERRULED** |
| Plaintiff's Trial **Exhibit 120** – Appraisal dated February 28, 2019 | Subject to Defendant's Motion *in Limine* No. 1.<br><br>Defendant objects on the grounds the appraisal is more prejudicial than probative. F.R.E. 402, 403.<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>The law is plain that when an appraisal is offered as proof of value of the property at issue, it is hearsay because it is offered for the truth of the matter asserted. (*See Waddell v. Comm'r of Internal Revenue Serv.,* 841 F.2d 264, 267 (9th Cir. 1988)<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. Authentication by the appraiser would result in improper expert testimony by a lay witness. *See Love v. U.S.,* 141 F.2d 981, 983 (8th Cir. 1944), *Spitzer v. Stichman,* 278 F.2d 402, 409 (2nd Cir. 1960). | **OVERRULED** |
| Plaintiff's Trial **Exhibit 121** – Appraisal dated September 22, 2021 | Subject to Defendant's Motion *in Limine* No. 1.<br><br>Defendant objects on the grounds the appraisal is more prejudicial than probative. F.R.E. 402, 403.<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>The law is plain that when an appraisal is offered as | **OVERRULED** |

| | | | |
|---|---|---|---|
| | | proof of value of the property at issue, it is hearsay because it is offered for the truth of the matter asserted. (*See Waddell v. Comm'r of Internal Revenue Serv.,* 841 F.2d 264, 267 (9th Cir. 1988)<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. Authentication by the appraiser would result in improper expert testimony by a lay witness. *See Love v. U.S.,* 141 F.2d 981, 983 (8th Cir. 1944), *Spitzer v. Stichman,* 278 F.2d 402, 409 (2nd Cir. 1960). | |
| | Plaintiff's Trial **Exhibit 122** – Photos of Napa Property. | Subject to Nord's Motion in Limine No. 4.<br><br>Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Photos appears to have been taken after Nord's trusteeship.<br><br>Defendant objects that the records are incomplete, with only selected months provided. F.R.E. 106.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds the document was produced on September 26, 2023, months after the discovery cutoff, and Plaintiff should not be permitted to introduce documents that were untimely produced. F.R.C.P. 26(e), 37(c)(1). | **SUSTAINED IN PART**<br><br>**Only the photos produced on or after September 26, 2023 are excluded** |
| | Plaintiff's Trial **Exhibit 123** – Closing disclosure dated October 28, 2021 | Subject to Nord's Motion in Limine No. 4.<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds the document was produced on September 26, 2023, months after the discovery cutoff, and Plaintiff should not be permitted to introduce documents that were untimely produced. F.R.C.P. 26(e), 37(c)(1).<br><br>Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. The document post-date Nord's time as trustee, was an independent decision of Plaintiff, and is in no way connected Nord's trusteeship. | **OVERRULED** |

| | | | |
|---|---|---|---|
| Plaintiff's Trial **Exhibit 124** – Repair invoices | Subject to Nord's Motion in Limine No. 4.<br><br>Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403.<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds the document was produced on September 26, 2023, months after the discovery cutoff, and Plaintiff should not be permitted to introduce documents that were untimely produced. F.R.C.P. 26(e), 37(c)(1). | | **OVERRULED** |
| Plaintiff's Trial **Exhibit 125** – spreadsheet of expenses advanced by Rick McCalla | Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects to Plaintiff's improper use of a summary spreadsheet without providing the originals or duplicates of each entry. F.R.E. 1006.<br><br>Defendant objects on the grounds that the summary of expenditures is irrelevant, and more prejudicial than probative. F.R.E. 403. Plaintiff's personal spending decisions are not relevant to the claims in this case, and without expert examination of the reliability and necessity of the expenditures, the spreadsheet will serve to prejudice to the jury without providing any probative value. Further, the documents are dated outside the relevant time period of Nord's trusteeship. | | **OVERRULED** |
| Plaintiff's Trial **Exhibit 126** – American Express statement for Rick McCalla for November 2021 | Subject to Nord's Motion in Limine No. 4.<br><br>Defendant objects on the grounds that the credit card statement is irrelevant, and more prejudicial than probative. The records are outside the relevant time period of Nord's trusteeship F.R.E. 402, 403.<br><br>Plaintiff's personal spending decisions are not relevant to the claims in this case, and without expert examination of the reliability and necessity of the expenditures, the credit card statement will serve to prejudice to the jury without providing any probative value.<br><br>Defendant further objects on the grounds the document was produced on September 26, 2023, months after the discovery cutoff, and Plaintiff should not be permitted to introduce documents that were untimely produced. | | **OVERRULED** |

United States District Court
Northern District of California

| | F.R.C.P. 26(e), 37(c)(1). | |
|---|---|---|
| Plaintiff's Trial **Exhibit 127** – Expert Witness Report and Curriculum Vitae for Varee Wycoff | Subject to Nord's Motion in Limine No. 3<br><br>Defendant objects on the grounds that the expert report is inadmissible, as it fails to meet the requirements of F.R.E. 702.<br><br>Ms. Wycoff's report is not based on sufficient facts or data, the report is not the product of reliable methods, and Ms. Wycoff failed to apply the requisite principles and methods reliably to the facts in this case.<br><br>Instead, Ms. Wycoff's report relies on her application and interpretation of the California Probate Code, which is not the proper subject matter of expert opinion. | **OVERRULED** |

### B. Exhibits

The Court is committed to reducing any unnecessary time spent in the courtroom, so the parties are ordered to meet and confer regarding stipulating to the admission of any exhibits to which they do not object.

### V. JURY INSTRUCTIONS

The parties provided the Stipulations of Fact instruction (Ninth Circuit Model 2.2), but did not identify to which facts, if any, they are stipulating. (Dkt. No. 64 at 25.) The same deficiency exists as to the Judicial Notice instruction (Ninth Circuit Model 2.3). *Id.* at 26. The parties are instructed to submit amended jury instructions containing the list of stipulated and/or judicially noticed facts by the pretrial conference. If there are no such facts, these instructions are unnecessary, and the parties need only inform the Court that they are no longer required.

### VI. PROPOSED VERDICT FORM

The Court appreciates the parties' proposed joint verdict form (Dkt. No. 72). The proposed verdict form, however, contemplates a bifurcated punitive damages phase. The Court is not inclined to bifurcate, so the parties should expect to file an amended verdict form that includes the amount of punitive damages.

### VII. COVID PRECAUTIONS

In light of the ongoing pandemic and respiratory virus season, the undersigned is committed to keeping the parties, counsel, witnesses, and court staff as safe as possible.

Currently, masking inside the courthouse is determined by the level of community transmission of COVID-19. When a county where a Northern District of California divisional office is located moves to high community transmission, masking will be required in the courthouse. Thus, the Court may impose a mask mandate if the number of community cases rise, or if there is a change in guidance from local public health agencies.

Anyone experiencing any symptoms of COVID-19 or other respiratory viruses, including fever or cold-like symptoms, is not permitted to enter the courthouse. If this happens, the parties are directed to notify the courtroom deputy at kawcrd@cand.uscourts.gov.

IT IS SO ORDERED.

Dated: November 7, 2023

_____
KANDIS A. WESTMORE
United States Magistrate Judge