UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A MCCALLA,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES NORD,<br><br>    Defendant. | Case No. 4:22-cv-00675-KAW<br><br>**ORDER FOLLOWING PRETRIAL CONFERENCE; ORDER REGARDING MOTIONS IN LIMINE**<br><br>Dkt. Nos. 62, 68, 80-83 |

## I. MOTIONS IN LIMINE

Plaintiff has filed one motion in limine, and Defendant has filed four. (Pl.'s Mots. in Limine, "Pl.'s MIL," Dkt. No. 62; Def.'s Mots. in Limine, "Def.'s MIL," Dkt. No. 68.)

### A. Plaintiff's MIL No. 1: To exclude or limit the testimony of Defendant's liability expert Raymond Tate

Plaintiff seeks to exclude Defendant's expert Raymond Tate under Federal Rule of Evidence 702 on the grounds that he lacks the requisite experience and qualifications to offer opinions regarding the duties and responsibilities of a professional trustee. (Pl.'s MIL at 1.) Plaintiff provided Tate's report, as well as excerpts of his deposition testimony, which indicate that Tate worked in financial services as a financial advisor and manager of financial advisors for almost all of his professional career, and, since his retirement, he has owned a consulting company called Alternative Fools which helps people make decisions about environmental, social or government issues. (Tate Report, Dkt. No. 62, Ex. 1 at 17; Tate Dep., Dkt. No. 62, Ex. 2 at 14:14-15:10, 17:19-18:8, 18:21-19:3, 19:10-21:1, 27:8-25.) Tate has never served as a trustee, conservator, or estate receiver. (Tate Dep. at 30:3-16.) His only personal experience as a professional fiduciary is as an investment advisor. (Tate Dep. at 30:13-16.) Thus, Plaintiff argues that Tate has no relevant experience rendering him unqualified under Rule 702. (Pl.'s MIL at 1, 4.)

In determining whether expert testimony is admissible under Federal Rule of Evidence 702, the district court is charged with performing "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). This inquiry is "a flexible one," and "[i]ts overarching subject is the scientific validity – and thus the evidentiary relevance and reliability – of the principles that underlie a proposed submission. The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 594-95.

In opposition, Defendant argues that Tate has more than 30 years of experiences managing assets, including trusts and accounts, and more than 10 years of experience training and overseeing trust officers for the Merrill Lynch Trust Company and Wells Fargo Advisors. (Def's Opp'n, Dkt. No. 80 at 1.) This work included developing training materials on trust administration and the review of trust documents. *Id.* at 4. Defendant further contends that Tate's rebuttal report and testimony are intended to address the alleged deficiencies of Plaintiff's expert Varee Wycoff's opinions, which, given his experience, he is well qualified to opine on the execution of duties as a trustee despite never having individually served as one. *Id.* at 4. In light of his experience, the Court finds that Tate is qualified under Rule 702 to testify regarding trust administration.

Nonetheless, the Court agrees with Plaintiff that Mr. Tate is not qualified to testify regarding construction issues and/or the failure to maintain the property, specifically the roof. (Pl.'s MIL at 5-6.) There is no evidence to support Mr. Tate's assertion that the foundation needed to be stable prior to roof replacement, so he is precluded from testifying regarding the roof, foundation, or other construction issues.

Based on the foregoing, Plaintiff's motion is GRANTED IN PART, and Mr. Tate's testimony is limited to the duties of the trustee. He is not permitted to testify on construction issues.

**B.      Defendant's MIL No. 1: To exclude property appraisal evidence**

Defendant seeks to exclude the two property appraisals of the McCalla property located at 5242 Country Lane, Napa, CA ("Napa Property") on the grounds that they are inadmissible

hearsay, since they are proffered for the truth of the content of those appraisals. (Def.'s MIL at 1 (citing Fed. R. Evid. 802).) Defendant contends that the 2019 Appraisal by Bruce Bradley and the 2021 Appraisal by Jeffrey Wright (collectively, the "Appraisals"), have not been authenticated, and that appraisers Bradley and Wright have not been disclosed as experts. (Def.'s MIL at 1 (citing Decl. of Anthony D. Phillips, "Phillips Decl.," Dkt. No. 71 ¶¶ 5-6, Exs. B, C.) Additionally, Defendant contends that the appraisals are not trustworthy, because they were prepared in connection with loan applications. (Def.'s MIL at 3.)

In opposition, Plaintiff argues that the appraisals are admissible under the business records exception in Federal Rule of Evidence 803. (Pl.'s Opp'n, Dkt. No. 82 at 6-7.) Plaintiff cites *United States v. Licavoli*, 604 F.2d 613, 623 (9th Cir. 1979), in which the Ninth Circuit did not require the proponent of a business record, in that case an insurance appraisal, to affirmatively establish the qualifications of the person forming the opinion. (Pl.'s Opp'n at 7.) Under Rule 803(6), the trial court has the discretion to exclude a business record if the source of information indicates a lack of trustworthiness. *Licavoli*, 604 F.2d at 622. Here, Plaintiff intends to call the appraisers as witnesses to authenticate the appraisals, and "attest that the appraisals were made and kept in the regular course of their services as appraisers for the respective lenders for whom they were prepared, and that the lenders relied upon their appraisals in issuing the loans." (Pl.'s Opp'n at 10.)

Moreover, to the extent that Defendant argues that the appraisals are untrustworthy because they were prepared in for the purposes of obtaining a loan, that goes to credibility rather than admissibility, and can be addressed on cross-examination.

Finally, as to Defendant's argument that the appraisers needed to be disclosed as experts, the Court disagrees. (*See* Def.'s MIL at 4.) The cases[1] cited by Defendant are factually inapposite,

---

[1] At the pretrial conference, Defendant offered copies of four cases in support of his argument not previously cited in his motion. The Court declines to consider arguments and legal authority raised for the first time at hearing. *See Foster v. Adams & Assocs., Inc.*, 2020 WL 3639648, at *3 n.3 (N.D. Cal. July 6, 2020) (*citing Booth v. United States*, 914 F.3d 1199, 1206 (9th Cir. 2019)) (declining to consider argument raised for the first time during oral argument); *Sloan v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2020 WL 5517244, at *5 (N.D. Cal. Sept. 14, 2020) (arguments made for first time at hearing were waived).

as none of those cases involved real property appraisals for lending purposes. *See United States v. 22.80 Acres of Land, More or Less, in San Benito Cnty., State of Cal.*, 839 F.2d 1362, 1363 (9th Cir. 1988) (Government taking of a quarry); *United States v. Johnson*, 285 F.2d 35, 36 (9th Cir. 1960) (Government taking of a 505 unit housing project); *United States v. 25.406 Acres of Land, etc., in Arlington Cnty., Va.*, 172 F.2d 990, 991 (4th Cir. 1949) (Government taking of land to build a Veterans Administration hospital). Instead, all of the cases cited are condemnation cases that sought to determine the fair market value that should be paid for the Government's taking of real property. *See ids.* This situation is more akin to a treating physician testifying in a personal injury case to explain the extent of a plaintiff's injuries and why they treated plaintiff in a certain manner. Thus, while the appraisers cannot testify as experts, they are permitted to testify as percipient witnesses, and so they may testify from their personal knowledge, which includes an explanation of how they determined the appraisal value.

Accordingly, Defendant's first motion in limine is denied.

### C. Defendant's MIL No. 2: To exclude argument or testimony that Oregon Property was part of the McCalla Family Trust

Defendant seeks to exclude argument or testimony that the Oregon Property was part of the McCalla Family Trust, because it is irrelevant as the Oregon Property was never a Trust asset. (Def.'s MIL at 8.)

On September 25, 2012, Vera Snider conveyed the Oregon Property to Thomas Richard McCalla ("Thomas R. McCalla" or "McCalla Sr."), Bonnie K. McCalla and Shirly McCalla. (*See* Phillips Decl. ¶ 7, Ex. D.) The same three individuals are listed on the warranty deed. *Id*. The Trust is not listed or identified anywhere on the warranty deed. *Id*.

On December 19, 2019, Thomas R. McCalla quitclaimed his individual rights, titles, interests and claims in the Oregon Property to Bonnie McCalla. (*See* Phillips Decl. ¶ 8, Ex. E.) This was done as a result of an agreement reached between McCalla Sr. and Bonnie McCalla, that she would withdraw her Petition for Appointment of Probate Conservator of the Person and Estate of Thomas R. McCalla. (*See* 2019 Agreement, Phillips Decl. ¶ 9, Ex. F.)

In opposition, Plaintiff contends that the Oregon Property was a Trust asset, because the

Trust contained language to include after-acquired property in the Trust. (Pl.'s Opp'n at 12, 14; Decl. of Melinda Jane Steuer ISO of Pl.'s Opp'n, "Steur Opp'n Decl.," Dkt. No. 82-1 ¶ 2, Ex. 1 § 4.2.) In denying Defendant's motion for summary judgment, the Court found that Thomas and Shirly's interest in the Oregon Property could be considered a Trust asset. (Mot. for Summary J. Order, "MSJ Order," Dkt. No. 48 at 9.) The fact that the warranty deed and quitclaim deed did not mention the Trust is not dispositive nor is the fact that Thomas's quitclaim was not executed on behalf of the Trust or in his capacity as Trustee. (*See* Def.'s MIL at 10.) Indeed, the settlement agreement's recitals state that Defendant was appointed as Successor Trustee on August 30, 2019, which was prior to the execution of the settlement agreement. (2019 Agreement at 1.)

Accordingly, Defendant's second motion in limine is DENIED.

### D. Defendant's MIL No. 3: To exclude opinions and testimony of Plaintiff's expert Varee Wycoff

Defendant moves to exclude Plaintiff's expert Varee Wycoff, who is being offered to opine on whether Defendant breached his fiduciary duties as trustee of the McCalla Family Living Trust. (Def.'s MIL at 12.) Defendant argues that her "opinions and report do not cite to or rely upon the actual Trust documents" and instead "offers discussion of the California Probate Code, but in doing so, ignore the governing documents and circumstances in this case." *Id.*

Indeed, Wycoff's report does not list which documents were reviewed. Instead, her two-page report provides that she reviewed "the deposition of James Nord… as well as various other documents related to this case." (Wycoff Report, Phillips Decl. ¶ 10, Ex. G.) Wycoff found that Defendant's various actions and statement raised questions regarding fiduciary negligence. (Wycoff Report at 1.) She "base[d] [her] opinions on the deposition testimony of James Nord and on the California Probate Code, Sections 1600, et seq., as well as [her] training and education." *Id.* Wycoff listed five "actions of concern":

> 1. Failure to marshal and/or protect Trust assets. Probate Code Section 16006, Duty to take control of and preserve trust property.
>    Rental income not marshaled: Nord's Deposition, 97:17-24.
>    Oregon property given to Bonnie McCalla. Nord's Deposition, 114:15-115:15; Exhibit 21
>    Failure to maintain trust property: Richard McCalla Deposition 36:24-37.6; Nord Deposition, 79:21-80:1.
>    Failure to marshal Self Help Credit Union Account or open new

account for Trust. Nord Deposition, 162:2-9.

    2.  Failure to prepare a budget as the Trustee's standard of care under Probate Code Section 16040, where the trustee shall administer the trust with reasonable care, skill, and caution under the circumstances then prevailing that a prudent person acting in a like capacity would use in the conduct of an enterprise of like character and with like aims to accomplish the purposes of the trust. Nord's deposition, 75:1-76:8, 76:25-77:25.

    3.  Failure to ensure that returns were timely filed. Nord's Deposition, 82:12-84:14.

    4.  Failure to timely resign. Nord's Deposition, 163:2-165:18. Probate Code Section 17200(b)(6), Petitioner's Grounds for petition include instructing the trustee and 17200(10) and (11) appointing or removing a trustee.

    5.  Failure to account upon resignation, Probate Code Section 16062, duty to account upon change of trustee. Nord's Deposition, 252:5-15.

(Wycoff Report at 1-2.) During her deposition, Wycoff testified that she reached her opinions by applying the Probate Code to determine if Defendant met the standard of care. (*See* Wycoff Dep., Phillips Decl. ¶ 11, Ex. H at 45:12-21.) Defendant argues that Wycoff's opinions will not assist the trier of fact, as they constitute improper legal conclusions, are not based on sufficient facts or data, and are not the product of reliable principles or methods. (Def.'s MIL at 13-16.)

    In opposition, Plaintiff argues that Wycoff should be permitted to testify, because she has provided opinions based on her decades of experience rather than impermissible legal opinion. (Pl.'s Opp'n at 15.) Plaintiff further argues that Wycoff's opinions will assist the jury, because they pertain to the standard of care for professional trustees, and explain how Defendant's conduct deviated from that standard, which addresses professional negligence. *Id.* at 16. Indeed, expert testimony regarding the standard of care is required in cases alleging professional negligence. *U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1139 (9th Cir. 2011) (quoting *Flowers v. Torrance Memorial Hosp. Med. Ctr.*, 8 Cal. 4th 992 (1994) ("California requires expert testimony on the standard of care 'unless the conduct required by the particular circumstances is within the common knowledge of the layman.'"). Furthermore, Wycoff testified that she reviewed all of the deposition testimony and exhibits thereto, and all of the documents produced in this case. (Pl.'s Wycoff Dep., Steuer Opp'n Decl. ¶ 4, Ex. 3 at 25:12-22, 26:6-15, 26:20-27:7, 83:17-84:6.) The

1 Court finds this testimony satisfactory. Thus, to the extent that Defendant argues that Wycoff's
2 opinions are not the result of reliable principles or methods, or that she did not rely on the
3 documents available, that goes to credibility and may be addressed on cross-examination. *See*
4 *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1230–31 (9th Cir. 1998).

Based on the foregoing, the Court finds that Wycoff is qualified to testify to the standard of care, and what a trustee is required to do under the circumstances, and the fact that the standard of care is found in the California Probate Code does not render her findings impermissible legal opinions. Accordingly, Defendant's request to exclude Wycoff's opinion and testimony is DENIED.

### E.     Defendant's MIL No. 4: To exclude evidence not previously disclosed or timely produced

Defendant moves to exclude four categories of exhibits that Plaintiff produced after the close of discovery on September 26 and 27, 2023. (Def.'s MIL at 17.) Some of the documents existed at the time of the prior productions, while others are dated September 2023, and relate to the construction performed on the Napa Property. *Id.* These documents include invoices from A&R Construction, which is owned by Richard Hasty, a resident at the Napa Property. *Id.* at 14. One invoice, dated September 22, 2023, is for $411,000, but provides no breakdown of the total cost, no labor, and no cost of materials. *Id.* Defendant argues that Plaintiff is continuing to create damages up until the eve of trial. *Id.* Defendant contends that the admission of these documents is prejudicial, because they are unauthenticated, the contractor did not undergo deposition, no expert has reviewed them, and the construction has not been performed. *Id.* at 19.

In opposition, Plaintiff argues that Defendant is seeking to exclude highly relevant documents pertaining to the condition to the Napa Property and/or Plaintiff's damages. (Pl.'s Opp'n at 21.) Plaintiff contends that he has good cause for not producing the documents earlier, and that the failure to produce them is not prejudicial. *Id.* Plaintiff puts the documents into six categories, but only the four below are at issue:[2] (1) photographs of the Napa Property; (2)

---

[2] It is Defendant's burden to identify the documents to which he objects in the body of the motion in limine. The Court should not have to refer to another filing to ascertain the documents at issue. Based on a cursory review of Defendant's objections to Plaintiff's exhibits, the Court can only

1  Invoices from A&R Construction; (3) Documents Pertaining to the 2021 Refinancing of Napa
2  Property; and (4) Plaintiff Richard McCalla's American Express Statement, dated November
3  2021.[3]

### 1. Photographs of the Napa Property

Plaintiff argues that these photographs are not prejudicial, because they show the condition of the Napa Property, which Plaintiff testified about in detail during his deposition. (Pl.'s Opp'n at 22.)  On February 27, 2023, Plaintiff produced 13 photographs of the property, which were taken by Richard Hasty, the contractor who is renting an apartment located on the property. *Id.* Plaintiff's initial disclosures listed Hasty as a witness and stated that he had knowledge of the property's condition. *Id.*  On September 19, 2023 and September 25, 2023, Hasty provided Plaintiff with several additional photographs, which Plaintiff did not know existed. *Id.*  Plaintiff contends that all of them pertain to property conditions and damages which Plaintiff had testified to at his deposition. *Id.* Plaintiff further argues that Defendant is not prejudiced, because his expert, Peter Cella, conducted a visual inspection of the property in mid-April 2023, in which he was given unfettered access to view and photograph the property. (Pl.'s Opp'n at 23; Steuer Opp'n Decl. ¶ 10.)  Plaintiff contends that the photos are necessary because Defendant has denied that the Napa Property was in the condition that Plaintiff described, and Cella testified that he did not see any evidence of water damage or several of the other defects which the photographs refute. (Pl.'s Opp'n at 23.)

These photos were not timely produced, and Plaintiff has not shown good cause as to why they should be admitted.  While the Court will sustain Defendant's objection, the photographs may be used for impeachment purposes.

### 2. Invoices from A&R Construction

Defendant seeks to exclude the construction invoices contained in Plaintiff's Exhibit 124. (*See* Def.'s Obj. at 7.)  Plaintiff contends that he produced the roof repair invoice on February 27,

---

assume that these are the categories of documents at issue, as they were produced in September 2023. (*See* Def.'s Obj., Dkt. No. 81.)
[3] Plaintiff's header erroneously states that it is the September 2021 credit card statement. (*See* Pl.'s Opp'n at 29.)

8

2023. (Pl.'s Opp'n at 25.) The other invoices did not previously exist, and the failure to produce them is not prejudicial, because Defendant knew that Hasty was doing extensive construction work on the property, and he has known about the nature and scope of work since at least February 27, 2023. *Id.* Moreover, Plaintiff argues that he should not be penalized for Defendant's decision to not take Hasty's deposition. *Id.*

While the majority of repair invoices were produced late, the probative value of all invoices are substantially outweighed by the risk of unfair prejudice, confusion, and the potential to mislead the jury, such that they must be excluded under Federal Rule of Evidence 403. Here, any recoverable damages to the Napa Property would be attributed to the cost of delay, rather than the full amount of repair or replacement. Thus, an expert witness would be required to explain to a jury how the delay damages can be ascertained. To the Court's knowledge, Plaintiff has not retained such an expert, so the admission of these invoices would only serve to confuse the issues and mislead the jury into believing that the amount of damages is the total cost of repair. Thus, the repair invoices are excluded under Rule 403.

3. <u>Documents Pertaining to the 2021 Refinancing of Napa Property</u>

Defendant seeks to exclude the closing disclosure paperwork, dated October 28, 2021. (Def.'s Obj. at 7.) Plaintiff claims that the failure to produce the document during discovery was inadvertent, due to office staffing issues, as he believed that it had been included in the August 10, 2022 production or in USAA's production, and that other related documents were produced. (Pl.'s Opp'n at 28.) Plaintiff argues that the late production is not prejudicial, because Defendant has known from the outset that Plaintiff caused the property to be refinanced in Fall 2021, after he became Trustee, in order to fund repairs, and that Plaintiff had taken issue with Defendant's refusal to refinance to property. *Id.* at 28-29. Plaintiff suggests that any prejudice could be cured by the lesser sanction of allowing Defendant to depose Plaintiff about this document. *Id.* at 29.

The Court agrees. The Court declines to exclude the closing disclosure paperwork, but Defendant is permitted to depose Plaintiff regarding these documents. Therefore, the parties are ordered to meet and confer regarding reopening Plaintiff's deposition for this limited purpose.

//

4. American Express Statement

Plaintiff testified at his deposition that he paid between $10,000 and $11,000 to Optima Tax Services to assist him in resolving the issues relating to the untimely tax filings. (Pl.'s McCalla Dep., Steuer Opp'n Decl. ¶ 5, Ex. 4 at 82:25-83:11.) This credit card statement shows that exact amount paid, which was $10,795.50. (Pl.'s Opp'n at 29; Pl.'s Ex. 126.) This document was also inadvertently not produced because of Plaintiff's counsel's staffing issues.

Since Plaintiff testified regarding the amount paid, the Court agrees that this late production is not prejudicial. Thus, the Court declines to exclude the credit card statement.

For the reasons set forth above, the Court GRANTS IN PART this motion in limine, and excludes the recently produced photographs of the Napa Property, such that they cannot be used in Plaintiff's case-in-chief, and the A&R Construction invoices. The photographs may, however, be used for impeachment purposes.

## II. DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS

Defendant's objections to Plaintiff's evidence will be addressed by way of separate order.

## III. REMOTE TESTIMONY

Plaintiff's request to have in-state witnesses testify remotely is DENIED. If a suitable courtroom is available, the Court will permit the three out-of-state witnesses (Frank Cuffe, Gerard McCalla, and John Nelson) to testify remotely so long as their direct examination is still estimated to be less than one hour each.

## IV. PROPOSAL TO BIFURCATE TRIAL

While the parties did not file a formal motion to bifurcate, the Court denies their proposal to bifurcate the punitive damages phase, if any, from the liability phase. (JPS at 8.) The parties are ordered to file an amended verdict form by November 27, 2023.

//
//
//
//
//

**V.    BENCH BINDER**

A bench binder containing a copy of each side's final exhibits must be provided to the Court on the first day of trial.  Each exhibit must be separated with a label divider.

IT IS SO ORDERED.

Dated: November 8, 2023

_____
KANDIS A. WESTMORE
United States Magistrate Judge