UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A MCCALLA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES NORD,<br><br>    Defendant. | Case No. 4:22-cv-00675-KAW<br><br>**ORDER REGARDING DEFENDANT'S OBJECTIONS TO PLAINTIFF'S TRIAL EXHIBITS**<br><br>Re: Dkt. No. 81 |

On October 20, 2023, Defendant filed objections to 20 of Plaintiff's exhibits. (Def.'s Obj., Dkt. No. 81.) On October 25, 2023, Plaintiff filed a response to those objections. (Dkt. No. 83.) On November 8, 2023, the Court held the pretrial conference, and now rules on Defendant's objections as follows:

| **EXHIBIT** | **GROUNDS FOR OBJECTION** | **RULING** |
|---|---|---|
| Plaintiff's Trial **Exhibit 4** – Report of Suspected Dependent Adult/Elder Abuse dated December 18, 2018. | Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Report pertains to events before relevant time period of this case.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds that content of the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804. | **OVERRULED** |
| Plaintiff's Trial **Exhibit 5** – Email string between Maria Jimenez-Garcia and | Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Document pertains to events before relevant time period of this case.<br><br>Defendant objects on the grounds the document lacks | **OVERRULED** |

| | | | |
|---|---|---|---|
| | Beatriz Ortiz dated February 14, 2019. | foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds that content of the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804. | |
| | Plaintiff's Trial **Exhibit 6** – Report of Suspected Dependent Adult/Elder Abuse dated April 11, 2019. | Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Report pertains to events before relevant time period of this case.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds that content of the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804. | **OVERRULED** |
| | Plaintiff Trial **Exhibit 7** – Email string dated May 23, 2019 – May 24, 2019 between Peggy Chiprez and Yvette Rodriguez. | Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Document pertains to events before relevant time period of this case.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds that content of the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804. | **OVERRULED** |
| | Plaintiff's Trial **Exhibit 10** – Capacity Declaration re Thomas McCalla filed June 17, 2019. | Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Examination occurred September 12, 2018, and was limited to medical, *not financial*, consent.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Opinions expressed are those of an expert, and Plaintiff has not designated an expert to opine on Thomas McCalla's medical issues. Testimony on, or authentication of, this document would result in improper expert testimony by a lay witness. *See Love v. U.S.,* 141 F.2d 981, 983 (8th Cir. 1944), *Spitzer v. Stichman,* 278 F.2d 402, 409 (2nd Cir. 1960).<br><br>Defendant further objects on the grounds that content of the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* | **OVERRULED** |

| | | |
|---|---|---|
| | F.R.E. 801-804. | |
| Plaintiff's Trial **Exhibit 20** – email from Beatriz Ortiz to Emmanuel Odoi and Maria Jimenez-Garcia dated July 31, 2019. | Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Report pertains to events before relevant time period of this case.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds that content of the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804. | **OVERRULED** |
| Plaintiff's Trial **Exhibit 37** – Deed dated September 25, 2012. | Subject to Nord's Motion in Limine No. 2.<br><br>Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Report pertains to events before relevant time period of this case.<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902. | **OVERRULED**<br><br>(*See* Order re: Motions in Limine) |
| Plaintiff's Trial **Exhibit 39** – Deed dated December 19, 2019. | Subject to Nord's Motion in Limine No. 2.<br><br>Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403.<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902. | **OVERRULED**<br><br>(*See* Order re: Motions in Limine) |
| Plaintiff's Trial **Exhibit 40** – Sales data for Oregon Property | Subject to Nord's Motion in Limine No. 2.<br><br>Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403.<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks | **OVERRULED**<br><br>(*See* Order re: Motions in Limine) |

| | | |
|---|---|---|
| | foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds the document was produced on September 26, 2023, months after the discovery cutoff, and Plaintiff should not be permitted to introduce documents that were untimely produced. F.R.C.P. 26(e), 37(c)(1). | |
| Plaintiff's Trial **Exhibit 49** – IRS Notice to Thomas R. McCalla dated June 1, 2020. | Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902. | **OVERRULED** |
| Plaintiff's Trial **Exhibit 113** – PG&E Bills March 2020-April 2023. | ~~Subject to Nord's Motion in Limine No. 4.~~<br><br>Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403.<br><br>Defendant objects that the records are incomplete, with only selected months provided. F.R.E. 106.<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds the document was produced on August 8, 2023, months after the discovery cutoff, and Plaintiff should not be permitted to introduce documents that were untimely produced. F.R.C.P. 26(e), 37(c)(1). | **OVERRULED** |
| Plaintiff's Trial **Exhibit 117** – 2021-2023 delinquent tax notices and tax payments | Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Documents both pre and postdate Nord's trusteeship, the attempt to claim tax liability from 2018 outweighs the probative value of proving penalties for late filing<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902. | **OVERRULED** |

4

| | | | |
|---|---|---|---|
| Plaintiff's Trial **Exhibit 120** – Appraisal dated February 28, 2019 | Subject to Defendant's Motion *in Limine* No. 1.<br><br>Defendant objects on the grounds the appraisal is more prejudicial than probative. F.R.E. 402, 403.<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>The law is plain that when an appraisal is offered as proof of value of the property at issue, it is hearsay because it is offered for the truth of the matter asserted. (*See Waddell v. Comm'r of Internal Revenue Serv.,* 841 F.2d 264, 267 (9th Cir. 1988)<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. Authentication by the appraiser would result in improper expert testimony by a lay witness. *See Love v. U.S.,* 141 F.2d 981, 983 (8th Cir. 1944), *Spitzer v. Stichman,* 278 F.2d 402, 409 (2nd Cir. 1960). | **OVERRULED**<br><br>(*See* Order re: Motions in Limine) |
| Plaintiff's Trial **Exhibit 121** – Appraisal dated September 22, 2021 | Subject to Defendant's Motion *in Limine* No. 1.<br><br>Defendant objects on the grounds the appraisal is more prejudicial than probative. F.R.E. 402, 403.<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>The law is plain that when an appraisal is offered as proof of value of the property at issue, it is hearsay because it is offered for the truth of the matter asserted. (*See Waddell v. Comm'r of Internal Revenue Serv.,* 841 F.2d 264, 267 (9th Cir. 1988)<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. Authentication by the appraiser would result in improper expert testimony by a lay witness. *See Love v. U.S.,* 141 F.2d 981, 983 (8th Cir. 1944), *Spitzer v. Stichman,* 278 F.2d 402, 409 (2nd Cir. 1960). | **OVERRULED**<br><br>(*See* Order re: Motions in Limine) |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| Plaintiff's Trial **Exhibit 122** – Photos of Napa Property. | Subject to Nord's Motion in Limine No. 4.<br><br>Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. Photos appears to have been taken after Nord's trusteeship.<br><br>Defendant objects that the records are incomplete, with only selected months provided. F.R.E. 106.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds the document was produced on September 26, 2023, months after the discovery cutoff, and Plaintiff should not be permitted to introduce documents that were untimely produced. F.R.C.P. 26(e), 37(c)(1). | **SUSTAINED IN PART**<br><br>**Only the photos produced on or after September 26, 2023 are excluded per the Order re: Motions in Limine** |
| Plaintiff's Trial **Exhibit 123** – Closing disclosure dated October 28, 2021 | Subject to Nord's Motion in Limine No. 4.<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902.<br><br>Defendant further objects on the grounds the document was produced on September 26, 2023, months after the discovery cutoff, and Plaintiff should not be permitted to introduce documents that were untimely produced. F.R.C.P. 26(e), 37(c)(1).<br><br>Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403. The document post-date Nord's time as trustee, was an independent decision of Plaintiff, and is in no way connected Nord's trusteeship. | **OVERRULED**<br><br>(*See* Order re: Motions in Limine) |
| Plaintiff's Trial **Exhibit 124** – Repair invoices | Subject to Nord's Motion in Limine No. 4.<br><br>Defendant objects on the grounds the document is not relevant, and is more prejudicial than probative. F.R.E. 402, 403.<br><br>Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects on the grounds the document lacks foundation, and no individual with personal knowledge has authenticated the document. F.R.E. 901, 902. | **SUSTAINED**<br><br>(*See* Order re: Motions in Limine) |

| | | | |
|---|---|---|---|
| | | Defendant further objects on the grounds the document was produced on September 26, 2023, months after the discovery cutoff, and Plaintiff should not be permitted to introduce documents that were untimely produced. F.R.C.P. 26(e), 37(c)(1). | |
| | Plaintiff's Trial **Exhibit 125** – spreadsheet of expenses advanced by Rick McCalla | Defendant objects on the grounds the document is inadmissible hearsay for which no exception has been established or otherwise applies. *See* F.R.E. 801-804.<br><br>Defendant objects to Plaintiff's improper use of a summary spreadsheet without providing the originals or duplicates of each entry. F.R.E. 1006.<br><br>Defendant objects on the grounds that the summary of expenditures is irrelevant, and more prejudicial than probative. F.R.E. 403. Plaintiff's personal spending decisions are not relevant to the claims in this case, and without expert examination of the reliability and necessity of the expenditures, the spreadsheet will serve to prejudice to the jury without providing any probative value. Further, the documents are dated outside the relevant time period of Nord's trusteeship. | **SUSTAINED IN PART**<br><br>**Only items that predate Defendant's tenure as trustee are excluded.** |
| | Plaintiff's Trial **Exhibit 126** – American Express statement for Rick McCalla for November 2021 | Subject to Nord's Motion in Limine No. 4.<br><br>Defendant objects on the grounds that the credit card statement is irrelevant, and more prejudicial than probative. The records are outside the relevant time period of Nord's trusteeship F.R.E. 402, 403.<br><br>Plaintiff's personal spending decisions are not relevant to the claims in this case, and without expert examination of the reliability and necessity of the expenditures, the credit card statement will serve to prejudice to the jury without providing any probative value.<br><br>Defendant further objects on the grounds the document was produced on September 26, 2023, months after the discovery cutoff, and Plaintiff should not be permitted to introduce documents that were untimely produced. F.R.C.P. 26(e), 37(c)(1). | **OVERRULED**<br><br>(*See* Order re: Motions in Limine) |
| | Plaintiff's Trial **Exhibit 127** – Expert Witness Report and Curriculum Vitae for Varee Wycoff | Subject to Nord's Motion in Limine No. 3<br><br>Defendant objects on the grounds that the expert report is inadmissible, as it fails to meet the requirements of F.R.E. 702.<br><br>Ms. Wycoff's report is not based on sufficient facts or data, the report is not the product of reliable methods, and Ms. Wycoff failed to apply the requisite principles and methods reliably to the facts in this case.<br><br>Instead, Ms. Wycoff's report relies on her application | **OVERRULED**<br><br>(*See* Order re: Motions in Limine) |

| | and interpretation of the California Probate Code, which is not the proper subject matter of expert opinion. | |

IT IS SO ORDERED.

Dated: November 8, 2023


KANDIS A. WESTMORE
United States Magistrate Judge